# COUNTY OF LINCOLN.

## KENNEDY *versus* PHILBRICK.

Thirty hundred of hay for the use of a cow, and two tons for the use of ten sheep, are exempted by statute from attachment and execution.

This exemption is unrestricted as to time.

Thus the owner of such stock may claim the full amount exempted, although a part of the winter has passed.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

TRESPASS.

The defendant seized two tons of English hay and two tons of salt hay belonging to the plaintiff, on Jan'y 10, 1853, and sold the same on Jan'y 17, 1853, on an execution against him.

The plaintiff claimed it as exempted from attachment.

He introduced evidence tending to show, that he owned ten sheep, one cow and one heifer, also one horse.

Some evidence was produced by each party as to the quantity and quality of the hay left. About three and half tons were left, one half of which did not appear to be merchantable.

The jury were instructed, that the plaintiff would be entitled to have exempted from attachment, two tons of hay for his ten sheep and thirty hundred for the use of his cow, and for the heifer so much as would be necessary to keep the same during the rest of the winter, provided they should find he was the owner of them; and that the plaintiff would be entitled to have that amount exempted, although part of the winter had at that time passed.

Kennedy *v.* Philbrick.

A verdict was returned for plaintiff, and the defendant excepted to the ruling, and also filed a motion to have the verdict set aside as against the evidence.

*Hubbard*, in support of exceptions.

*Ingalls, contra.*

APPLETON, J. — There was evidence tending to show that the plaintiff, at the time of the seizure and sale of the hay, to recover compensation for which this action is brought, was the owner of a cow, ten sheep, a heifer about a year old, and a horse. By R. S., c. 114, § 38, the debtor is allowed to hold, exempt from attachment and execution, " thirty hundred of hay for the use of said cow, and two tons for the use of said sheep, and a sufficient quantity of hay for the use of said heifer, according to its age." The instructions given varied from the statute only in limiting the quantity for the heifer " to so much as would be necessary to keep the same during the winter." This limits the plaintiff in the quantity by the time during which it might be needed, and is more restrictive than the statute. The defendant consequently has no just ground of complaint.

The instruction that the plaintiff would be entitled to have the two tons and thirty hundred of hay exempted, although part of the winter had at that time passed, is in strict accordance with the statute. The language is general in this part of the section and without limitation or restriction.

The kind, quantity and value of the hay owned by the plaintiff, and taken by the defendant, were subjects peculiarly fitted for the consideration of the jury, and there is no such evidence of misapprehension of the facts, palpable error or wilful violation of duty on their part, as would authorize or justify the setting aside the verdict they have rendered.

*Exceptions overruled and motion for new trial denied. — Judgment on the verdict.*

TENNEY, RICE and CUTTING, J. J., concurred.